```
             IN THE UNITED STATES DISTRICT COURT
                 WESTERN DISTRICT OF ARKANSAS
                     FAYETTEVILLE DIVISION
```

CENTRAL PARK PRODUCTS, INC.
                                                    PLAINTIFF

v.                              CASE NO. 07-5012

DOREL JUVENILE GROUP, INC., d/b/a/
COSCO HOME & OFFICE PRODUCTS
                                                    DEFENDANT

                              ORDER

Plaintiff filed his Complaint on January 16, 2007, alleging tortious interference with a contract and commercial defamation. Plaintiff seeks injunctive relief on these claims. This case is before the Court on Defendant's Motion to Dismiss (Doc. 7).

                            BACKGROUND

Plaintiff and Defendant are both suppliers of metal folding chairs, stools and tables. Both parties supply Wal-Mart Stores, Inc. with these items. Plaintiff alleges that on November 17, 2006, it discovered Defendant made representations to Wal-Mart that Plaintiff would be unable to fulfill its commitment to supply Wal-Mart with its products. Plaintiff contends Defendant falsely told Wal-Mart that Plaintiff would be unable to meet Wal-Mart's supply needs as of February 2007. Plaintiff and Defendant shared a common supplier and Plaintiff contends Defendant advised Wal-Mart that the Defendant had an exclusive supply arrangement with the supplier. Plaintiff further contends Defendant knew at the time it made those representations they were untrue and Plaintiff did not and does not have any intention of breaking its supply agreements with Wal-Mart.

In its Motion to Dismiss, Defendant contends that under New York or Arkansas law, Plaintiff's Complaint should be dismissed as to the commercial defamation claim as Plaintiff has failed to allege any specific facts or actual damage resulted from the alleged defamatory remarks.  Defendant further contends the Complaint should be dismissed as to Plaintiff's claim for tortious interference with a contract as Plaintiff alleges no breach or termination of its contract with Wal-Mart.

## MOTION TO DISMISS STANDARD

In ruling on a motion to dismiss, the district court must accept the allegations contained in the complaint as true, and all reasonable inferences from the complaint must be drawn in favor of the non-moving party.  *Hafley v. Lohman,* 90 F.3d 264, 266 (8th Cir. 1996).  Complaints should be liberally construed in the plaintiff's favor and should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief."  *Rucci v. City of Pacific,* 327 F.3d 651, 652 (8th Cir. 2003) (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957)).

## DISCUSSION

<u>Defamation Claim</u>

Defendant argues that New York law applies to this case.  If New York Law applies, Defendant argues that the allegedly

-2-

defamatory statement must either impugn the Plaintiff's basic integrity or creditworthiness.  Defendant contends any statements in our case, do not involve the Plaintiff's basic integrity or creditworthiness and is not defamatory under New York law.  Plaintiff has not addressed this point in its reply.  The court agrees the statement does not involve Plaintiff's basic integrity or creditworthiness and thus would not be defamatory under New York law.

However, Plaintiff contends that Arkansas law is the law that applies and that under Arkansas law, injury to reputation is sufficient for a defamation claim.  Defendant also argues Plaintiff must show actual damages and has failed to do so.

It is clear that in Arkansas, pleading "specific facts demonstrating that [the plaintiff] has suffered actual damage to [its] reputation. . ." is required.  *Faulkner v. Arkansas Children's Hospital*, 69 S.W.3d 393, 403 (2002).  Arkansas courts have found testimony by the Plaintiff to be enough to establish the reputational harm.  *Ellis v. Price*, 990 S.W.2d 543, 546 (1999).  Likewise, proof of actual out-of-pocket expenses is not required.  *Northport Health Serv. v. Owens*, 158 S.W.3d 164, 172 (2004).

In our case, Plaintiff has pled no specific facts of harm to its reputation.  Rather, Plaintiff has simply stated, as a conclusion, that its reputation was harmed.  Moreover, the court notes the damages Plaintiff states it has suffered is based on what

could happen in the future, i.e., the "risk" of losing its Wal-Mart contract, the "risk" of losing future contracts.  Plaintiff does not state any harm that it has suffered or currently suffers. Viewing the facts in the light most favorable to the Plaintiff, Plaintiff's claim for defamation should be dismissed.

Tortious Interference Claim

Defendant seeks to dismiss Plaintiff's claim for tortious interference with a business expectancy or contract because there is no allegation by Plaintiff that the contract was terminated or breached.  Plaintiff cites to *United Built Homes, Inc. v. Sampson*, 832 S.W.2d 502, 504 (1992), where the Arkansas Supreme Court in dicta, quoted Prosser & Keeton, *Law of Torts*, for the proposition that "provided always that it causes harm," "interference with contract may be quite sufficient for liability."  It shall be noted that the court in *United Built* did not reach the issue of whether an actual breach was necessary for a claim of tortious interference with a contact, in the case a third-party had clearly caused a breach.  In *Dodson v. Allstate Ins. Co.*, 47 S.W.3d 866, 876 (2001)[1], decided almost a decade later, the court stated that intentional interference inducing or causing a breach or termination of the relationship or expectancy is required. Accordingly, as Plaintiff has not pled any breach or termination of

---

[1] The requirements for a claim of tortious interference with a contract, appear to be the same under New York law.  *See Albert v. Loksen*, 239 F.3d 256, 274 (2nd Cir. 2001). Accordingly, the Court does not reach the issue of which law should apply in this case.

-4-

its relationship or expectancy with Wal-Mart, the claim for tortious interference is due to be dismissed.

## CONCLUSION

For the forgoing reasons, Defendant's Motion to Dismiss (Doc. 7) will be GRANTED and Plaintiff's complaint will be DISMISSED in its entirety if Plaintiff has not filed an Amended Complaint by July 6, 2007 setting out any basis for this Court to retain jurisdiction.

IT IS SO ORDERED.

Dated:   June 25, 2007

*/s/ Robert T. Dawson*
Robert T. Dawson
United States District Judge